[S. F. No. 14803.  In Bank.—August 1, 1933.]

EDEN TOWNSHIP WATER DISTRICT (a Public Corporation), Appellant, v. CITY OF HAYWARD (a Municipal Corporation), Respondent.

Treadwell, Van Fleet & Laughlin for Appellant.

C. W. White and H. M. Wright for Respondent.

PRESTON, J.—The sole question of importance on this appeal is the proper standard by which to measure the conceded prescriptive right in the City of Hayward to pump water and divert it for daily use from an underground or percolating water supply found in a basin in that vicinity. Plaintiff is a county water district acting pursuant to section 12 of the Act of 1913. (Stats. 1913, p. 1049 et seq.; *Coachella Valley etc. Dist.* v. *Stevens*, 206 Cal. 400 [274 Pac. 538].) Defendant is a municipal corporation of the sixth class.

The questioned provision of the judgment appealed from by plaintiff is as follows: "That the defendant City of Hayward is the owner of the right to and has the right to take, pump, divert and appropriate water from out of the bodies of underground and percolating water underlying certain lands by it owned and possessed (describing them) . . . by means of pumps and machinery owned by said defendant City of Hayward and located on its said lands above described and to carry the water by it so taken, pumped, diverted and appropriated off of and away from said lands and furnish and supply the same to the inhabitants of the City of Hayward and of territory surrounding and adjacent to the City of Hayward for domestic and other useful and beneficial purposes, including municipal purposes and for fire protection, to the extent and amount each day as the daily needs of the inhabitants of the whole territory served with water by said defendant through its municipal water system of necessity reasonably each day require, but not exceeding, however, in any one day more water than 828,000 gallons, and the said right of the defendant City of Hayward to so take, pump, divert and appropriate said water for said purposes is not limited as to any amount within said maximum quantity of 828,000 gallons per day which may be so furnished and supplied each day either east or west of Castro street, and that the said right of the defend-

ant City of Hayward is a right superior and paramount to any right or rights of said plaintiff district or of any and all landowners within said plaintiff district.''

The chief finding in support of this portion of said judgment is as follows: ''The maximum quantity of water so pumped by defendant and so carried through said pipe line in any one day and so furnished and supplied to its consumers of water and so used by its consumers of water in any one day is 828,000 gallons per day, and the maximum average monthly quantity of water so pumped by said defendant and so carried through said pipe and so furnished and supplied to its consumers and so used by its consumers of water is 679,200 gallons per day, and the maximum average annual quantity of water so pumped by defendant and so carried through said pipe line and so furnished and supplied to its consumers and so used by its consumers of water is 500,400 gallons per day.''

This cause was instituted May 7, 1931, the five years next preceding this date being the prescriptive period in question. From the above-quoted finding appellant contends that a daily maximum limitation of 828,000 gallons and a monthly maximum limitation of 679,200 gallons per day and a yearly maximum limitation of 500,400 gallons per day, must be fixed in order to properly define the prescriptive right. Respondent, on the other hand, insists that the only limitations properly imposed are the daily maximum rate of 828,000 gallons and the unmeasured, reasonable, daily, future needs and requirements of said city.

It must be manifest, in the absence of an express definition and description of the present or prospective needs and requirements of the city, that this latter limitation is void for uncertainty. (*San Bernardino* v. *Riverside*, 186 Cal. 7, 23 [198 Pac. 784].) We thus have left merely the limitation of 828,000 gallons per day. This maximum could be used each day of the year without doing violence to said judgment. It is possible, under this situation, that respondent would be allowed 302,220,000 gallons per annum. It seems altogether possible that the increasing needs of the city might be such that in the near future such a continuous draft throughout the year might be beneficially used. In *San Bernardino* v. *Riverside, supra,* at page 31, it is well said: ''The judgment should not make any declaration of

the right of any party to take in the future any water to which it has no present right." Again, all agree that the prescriptive period under section 806 of the Civil Code is measured by "the nature of the enjoyment by which it was acquired".

In Wiel on Water Rights, third edition, section 581, it is said: "The principle declared by these authorities is that the rights of a party who has acquired a prescriptive title, and the rights of one against whom said title is acquired, are mutual, and each is entitled to demand that the prescriptive right be exercised in the same manner that it was exercised while it was being acquired."

In Kinney on Irrigation and Water Rights, second edition, page 1895, section 1056, it is said: "The right acquired by prescription is only commensurate to the rights enjoyed during the full prescriptive period; and the extent of the enjoyment measures the permanent right. The rule declared by the authorities is that the rights of the party who has acquired a prescriptive title, either to a water right or to an easement for the same over the lands of others, 'and the rights of the one against whom the title is acquired are mutual, and each is entitled to demand that the prescriptive right be exercised in the same manner that it was exercised while being acquired'."

■ This principle, under various sets of facts, has been uniformly applied in this state. On this basis, how can respondent city claim a right in excess of the water actually pumped and diverted for public use? The future need of the city is not a measure of the servitude upon the lands represented by plaintiff. The right of these lands cannot be made to decrease with the future increasing needs of the city. The only safe rule is that defendant be restricted to the maximum amount of water heretofore actually diverted and beneficially applied during a given period of time. In other words, the extent of its previous beneficial use is the measure of its existing right.

■ It seems clear also that the greatest amount diverted and used in any one calendar year of the prescriptive period should likewise be the limit beyond which the city may not claim. An hourly, daily or monthly total would not seem to be so just or reasonable. During the year are witnessed all the seasons and consequently the periods of peak or low

requirements. To restrict respondent to such annual maximum is not to measure the right by averages, as contended by it, but is to measure it by the highest exact volume of water previously used. It seems plain that to fix a definite prescriptive right in these waters two factors, instead of one, must be considered: (1) rate of pumping, and (2) amount taken over a given period. To fix a maximum rate of 828,000 gallons per day and to fix the maximum amount that may be taken in any calendar year, at the highest amount pumped during any year of the prescriptive period, is to satisfy both these factors.

To discuss the further subsidiary questions raised by counsel, it is necessary to say further that the said underground and percolating water is found in gravel strata over an area described as extending from the bay of San Francisco to the base of the hills east of Hayward in one direction and from San Leandro Creek on the north to Alameda Creek on the southeast in the other; that the sources of said underground waters are a number of natural watercourses rising in the hills to the north and east of this basin. Plaintiff's lands overlie a part of this natural underground basin or reservoir; likewise the small area of lands belonging to the City of Hayward, upon which exist the five or more wells which are producing the water here in question, also overlie this underground basin and are situated near the town of Alvarado in Alameda County. Not only this, but all that portion of the City of Hayward itself lying west of Castro Street therein overlies this water strata. That portion of said city lying east of said street is not over said basin.

Appellant insists that a distinction must be preserved between the right belonging to the lands of said city overlying the water basin and those beyond it, the idea being that the lands to the west of said street have an inherent right under the law in said underground waters and those to the east have no such right. The court in this connection found: ''The court finds by reason of admissions made by the pleadings the fact to be that of said maximum daily quantity of 828,000 gallons of water so pumped by defendant and carried through said pipe line, 364,000 gallons per day was used by the consumers of water furnished water by defendant within the territory overlying

said bodies of underground and percolating water, to-wit: within the territory lying to the west of Castro street in the City of Hayward and the balance of said water was used by the consumers of water furnished water by defendant on land to the east of said Castro street and beyond the land overlying said bodies of underground and percolating water, and that of said maximum monthly average quantity of water so pumped by defendant and carried through said pipe line, to-wit: 679,200 gallons per day, a monthly average of 329,000 gallons per day was used by the consumers of water furnished water by defendant within the said territory overlying the said bodies of underground and percolating water and the balance thereof was used by the consumers of water furnished water by defendant on land to the east of said Castro street and beyond said bodies of percolating water.''

We are not impressed with the materiality of the particular place of use by the city of the water so taken by it. Such water, when taken and reduced to possession, is impressed with a public use, is carried to reservoirs of the city for distribution and is there sold and used without reference to the underlying basin from which it was taken. This act of the city is that of a genuine appropriator and when the prescriptive period runs the right is vested. To use the water, or any part thereof, on lands overlying the basin, is not to render to such lands a right to which they are by law entitled; likewise, to use more or less of the water on lands outside the basin is not to shift the place of use. The right of respondent in said underground waters, within the limits imposed, is plenary and without restriction as to place of beneficial use.

Lastly, respondent insists that if a prescriptive right to the extent claimed cannot be sustained, nevertheless it may claim that a public use has intervened as to the amount of water fixed by the judgment and for that reason an injunction must be denied and the individual land owners of plaintiff district relegated to a suit at law for damages suffered by this taking for public use. In this behalf we are likewise at a loss to see how respondent may claim the intervention of a public use in more water than it has actually taken and beneficially used of said waters. It is true that the capacity of its system of pumps has been enlarged at a

considerable expense to carry the amount of 864,000 gallons per day but the court expressly found that said city never intended to claim beyond 828,000 gallons per day nor any amount in excess of the reasonable requirements of said city. This amount it has had. These facts distinguish the instant case from *Collier* v. *Merced Irr. Dist.*, 213 Cal. 554 [2 Pac. (2d) 790].

By the judgment as interpreted herein and by the limitations fixed above, respondent will enjoy to the full extent its sustained claim to said waters. There is therefore no distinction in this cause between the amount to which a prescriptive right has attached and the amount as to which a public use has intervened.

Section two of the judgment (following the property description) is therefore modified by inserting after the word "gallons", in the phrase "but not exceeding however in any one day more water than 828,000 gallons", these words: "and not exceeding in any one calendar year more water than 182,646,000 gallons"; also by inserting after the word "day", in the phrase "within said maximum quantity of 828,000 gallons per day", these words: "and 182,646,000 gallons per annum". Section three of said judgment is modified by striking out the period at the close thereof and adding the words: "or in excess of 182,646,000 gallons in any one calendar year". And as so modified the judgment is affirmed, appellant to recover its costs on appeal.

Thompson, J., Langdon, J., Curtis, J., Shenk, J., and Waste, C. J., concurred.